IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v.

TAVARUS TYWANE DRONE

NO.  2:26-CR-024-Z

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS EVIDENCE AND BRIEF IN SUPPORT**

The United States of America ("Government") files its Response to Defendant's

Motion to Suppress and Brief in Support as follows:

**I.
Preliminary Statement**

This Court should deny Tavarus Tywane Drone's motion to suppress because the

search of his vehicle was permissible under the automobile exception and as a search

incident to arrest.

**II.
Factual and Procedural Background**

On January 30, 2026, officers with the Amarillo Police Department (APD) were

searching for Drone because he had warrants for his arrest for Aggravated Assault with a

Deadly Weapon, Deadly Conduct-Discharge Firearm, and Unlawful Carrying of a

Weapon with Felony Conviction.  (APD Report #2026-0501487, attached as Exhibit 1, at

p. 26.)[1]  Officers found Drone as he was driving a red Chrysler 200 towards his residence

---

[1] Contemporaneous with the filing of this motion, the Government will deliver to the

**Government's Response to Defendant's
Motion to Suppress and Brief in Support – Page 1**

at 3107 S. Nelson, Amarillo, Texas.  *Id.*  Once Drone parked his car in the driveway,

APD officers moved in to arrest him.



(Exhibit 2 at :58.)  Drone was the sole occupant of the car.  (Exhibit 1 at p. 26.)

As Drone was being arrested, Officer Gaitan smelled the strong odor of marijuana

coming from Drone.  (Exhibit 1 at p. 31.)  During a search of Drone incident to his arrest

on the outstanding warrants, Officer Gaitan found a large amount of cash (later found to

be $5,702) and a cellophane bag containing about 32 grams of marijuana.

---

Court a media storage device containing four exhibits: (1) Exhibit 1 - APD Offense Report
#2026-0501487 (redacted); (2) Exhibit 2 – Body camera video for APD Officer Hudson; (3)
Exhibit 3 – Body camera video for APD Officer Matthews; and (4) Exhibit 4 – Body camera
video for APD Officer Gaitan.

**Government's Response to Defendant's**
**Motion to Suppress and Brief in Support – Page 2**



(Exhibit 4 at 1:12.)



(Exhibit 3 at 4:01.)

Officer Matthews asked Drone for consent to search his vehicle and Drone refused.  (Exhibit 1 at p. 26.)  Based on the large amount of cash and the marijuana found on Drone, Sgt. Hudson thought "there was a high probability that the vehicle contained more contraband."  (*Id*. at p. 28.)  Accordingly, APD officers searched the Chrysler 200.

A search of the car yielded, in relevant part, a Family Dollar bag containing about 320.86 gross grams of methamphetamine.

APD officers booked Drone into jail on the outstanding warrants, as well as charges of: (1) Manufacture/Delivery of a Controlled Substance, Penalty Group One, 200-400 grams; (2) Possession of Marijuana, 2-4 ounces; and (3) Possession of Drug

**Government's Response to Defendant's**
**Motion to Suppress and Brief in Support – Page 4**

Paraphernalia, that stemmed from his arrest on January 30.  (Exhibit 1 at p. 13.)

On July 14, 2026, Drone filed this motion to suppress.

### III.
### Arguments and Authorities

Drone advances one straightforward argument in his motion to suppress.  He argues that the search of his car was an impermissible search incident to arrest.  *See* Def.'s Mot. to Suppress at pp. 2-4.  Drone incorrectly analyzes the search.  Both the automobile exception and the search incident to arrest exception justified the search of his vehicle.

**A.    The automobile exception justified the search of Drone's car.**

"The automobile exception allows police to search a vehicle if they have probable cause to believe that the vehicle contains contraband."  *United States v. Fields*, 456 F.3d 519, 523 (5th Cir. 2006) (citing *Maryland v. Dyson*, 527 U.S. 465, 467 (1999)).  "When drugs or drug paraphernalia are found on the driver's person during a stop, the law enforcement officer has probable cause to believe there are illegal drugs in the car." *United States v. Alfred*, No. 2:22-CR-00252, 2023 WL 9379881, at *8 (W.D. La. Dec. 18, 2023), *report and recommendation adopted*, No. 2:22-CR-00252, 2024 WL 263931 (W.D. La. Jan. 23, 2024) (citing *Wyoming v. Houghton*, 119 S. Ct. 1297, 1300 (1999)). Accordingly, once APD officers found marijuana on Drone when he was arrested on his outstanding warrants, they had probable cause to search his car under the automobile exception.  *Cf. United States v. Simpson*, No. 23-40562, 2024 WL 3738881, at *1 (5th

Cir. Aug. 9, 2024) (finding automobile exception applied when officer "detected the odor of marijuana coming from Simpson's person when he opened the door to the vehicle and brought Simpson to the ground"); *United States v. Walters*, 361 F. App'x 153, 154 (D.C. Cir. 2009) (finding automobile exception applied when officers found marijuana and a lighter in defendant's jacket); *United States v. Hayes*, 986 F.2d 1425 (7th Cir. 1993) (unpublished decision) ("While patting Hayes down, Agent Kuzia found cocaine and marijuana on his person.  On these facts, it would have been reasonable to search Hayes' automobile for contraband immediately."); *Alfred*, 2023 WL 9379881, at *8 (finding that the marijuana found in defendant's pocket gave Office Wolford probable cause to search defendant's vehicle).  Hence, Drone's suppression argument fails.

### B.    The search of Drone's car was proper as a search incident to arrest under *Arizona v. Gant*.

Even under the standards for a search incident to arrest, Drone's argument fails. In *Arizona v. Gant*, the Supreme Court held that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest."  *Arizona v. Gant*, 556 U.S. 332, 351 (2009).

As a preliminary matter, *Gant* did not modify the standards for automobile exception searches.  *See United States v. Potts*, 459 F. App'x 455, 456 (5th Cir. 2012); *see also United States v. Hemphill*, No. 23-50675, 2024 WL 5184299, at *10 (5th Cir. Dec. 20, 2024) (noting that automobile exception is distinct from the search incident to

arrest exception, which was addressed in *Gant*).  Accordingly, nothing in *Gant* would modify the Court's application of the automobile exception in this case.

*Gant* allows officers to search a vehicle incident to arrest if "it is reasonable to believe the vehicle contains evidence of the offense of arrest."  Drone attempts to construe his "offense of arrest" as those offenses listed in his outstanding warrants.  In doing so, he overlooks another "offense of arrest" that preceded the search of his car.

Drone was also arrested for the 32 grams of marijuana in his pocket.  As discussed above, APD officers reasonably believed that Drone's car would contain evidence related to his arrest for Possession of Marijuana.  *Cf. Walters*, 361 F. App'x at 154 (noting that officers had probable cause to arrest the defendant for the marijuana and lighter in his jacket and that *Gant* would not change the analysis because police may search a vehicle where it is reasonable to believe the vehicle contains evidence of the offense of arrest); *United States v. Hill*, No. 22-CR-00279, 2023 WL 10366330, at *2 (W.D. La. Sept. 19, 2023), *report and recommendation adopted*, No. 22-CR-00279, 2024 WL 1078268 (W.D. La. Mar. 12, 2024) (finding search of vehicle justified under *Gant* when defendant was arrested on drug distribution warrants and had crack cocaine and nearly $6,000 cash on his person).  Hence, the search of Drone's vehicle was also a valid search incident to arrest.

### C.    Drone's car was not parked in the residence's curtilage.

To the extent that Drone is complaining about the location of his car at the time of

the search, his argument fares no better than his search-incident-to-arrest argument.[2]  In

*Collins v. Virginia*, 584 U.S. 586, 601 (2018), the Supreme Court held that the

automobile exception does not permit an officer without a warrant to enter a home or its

curtilage in order to search a vehicle there.  In determining whether an area is part of the

home's curtilage, courts consider four factors: (1) the proximity of the area claimed to be

curtilage to the home; (2) whether the area is included within an enclosure surrounding

the home; (3) the nature of the uses to which the area is put;  and (4) the steps taken by

the resident to protect the area from observation by people passing by.  *United States v.*

*Dunn*, 480 U.S. 294, 301 (1987).  However, "these factors are useful analytical tools only

to the degree that, in any given case, they bear upon the centrally relevant

consideration—whether the area in question is so intimately tied to the home itself that it

should be placed under the home's 'umbrella' of Fourth Amendment protection."  *Id*.

Here, three of the four factors weigh against a finding that Drone's car was parked

in the curtilage.  Drone's car was parked about 4-5 feet from where the driveway meets a

public sidewalk and about equidistant from the front of the home to the sidewalk.

Although a chain-link fence surrounded the front yard and residence, nothing blocked

access to the driveway from the street or obstructed its view from the street.  *Cf. United*

*States v. Beene*, 818 F.3d 157, 162 (5th Cir. 2016) ("Although fences encircled part of the

---

[2] Because Drone did not adequately brief this issue, the Court may deem it as waived.

**Government's Response to Defendant's**
**Motion to Suppress and Brief in Support – Page 8**

driveway, nothing blocked its access or obstructed its view from the street."); *United States v. Moffitt*, 233 F. App'x 409, 411–12 (5th Cir. 2007) (finding that even though a chain link fence surrounded the residence, "[w]ith an open gate in an urban neighborhood, Moffitt could not have reasonably expected to keep neighbors, door-to-door salespeople, and trick or treaters from driving or walking to his house and approaching his front door.").

There were no steps taken to protect the privacy of the driveway and there is no indication the driveway was used for purposes normally associated with the home. *Cf. Beene*, 818 F.3d at 162 ("neither Beene nor Heard took steps to protect their privacy, such as posting "no trespassing" signs.") Finally, the area was open to the public and there were no steps taken to protect the area from observation by people passing by. Accordingly, Drone's vehicle was not in the residence's curtilage at the time of the search.



(Exhibit 2 at :21.)



(Exhibit 2 at :58.)

Even if Drone's vehicle was parked in the residence's curtilage, exigent circumstances, namely, preventing the destruction of drugs, justified APD officers

searching his car.  *Cf. United States v. Guinyard*, 149 F. App'x 279, 280 (5th Cir. 2005) (finding exigent circumstances justified entry into home when officers saw drugs through the window).

### D.   A hearing on Drone's motion is unnecessary.

This Court has declined to hold a hearing on a motion to suppress when, as here, the automobile exception applied and the evidence submitted by the parties made it unnecessary for the Court to receive evidence on an issue of fact.  *See United States v. Lopez*, No. 2:20-CR-115-Z, 2021 WL 1339165, at *1 n.1 (N.D. Tex. Apr. 9, 2021) (Kacsmaryk, J.).  Because Drone's motion raises no issues of fact, a hearing is unnecessary.

### V.
### Conclusion

This Court should deny the defendant's motion to suppress.

Respectfully submitted,

RYAN RAYBOULD
UNITED STATES ATTORNEY

<u>s/ Jeffrey R. Haag</u>
JEFFREY R. HAAG
Assistant United States Attorney
West Texas Branch Chief
Texas State Bar No. 24027064
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone:   806.472.7351
Facsimile:   806.472.7394
E-mail:       jeffrey.haag@usdoj.gov

**Government's Response to Defendant's**
**Motion to Suppress and Brief in Support – Page 11**