IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| **United States of America,**<br>Plaintiff,<br>v.<br><br>**Tavarus Tywane Drone,**<br>Defendant. | No. 2:26-cr-00024-Z-BR<br><br>**Defendant's Amended Motion to Suppress and Brief in Support** |

Defendant TAVARUS TYWANE DRONE ("Drone") asks this Court to suppress all evidence discovered during and subsequent to search of the vehicle he was driving prior to his arrest on November 27, 2024, as well as subsequent searches if any contraband found could be considered "fruit of the poisonous tree." The search was conducted illegally without probable cause and no exception to the search warrant requirement applies. In support of this Motion, Defendant shows the Court the following:

## I. Factual Background

On January 30, 2026, Amarillo Polie Department (APD) Officer Ricky Matthews was assigned to the SWAT team and searching for [Defendant] Travarus Drone who was wanted for Aggravated Assault

with Deadly Weapon, Deadly Conduct discharge Firearm and Unlawful Carry Weapon with Felony conviction.[1] Drone's vehicle was followed to his residence, where he pulled in the driveway and was observed exiting the driver side of the vehicle as the sole occupant. APD pulled in the driveway behind the vehicle, which was legally parked on private property, blocking Drone's vehicle in, and arrested him approximately 20-30 feet away from and outside his vehicle. Consent to search Drone's vehicle was declined. Officers nevertheless searched the vehicle and discovered contraband, which also led to subsequent searches.

## II. Legal Standards

Under the Fourth Amendment, a search of a vehicle incident to a lawful arrest is permissible in two specific circumstances: 1) If the arrestee is unsecured and within reaching distance of the vehicle's passenger compartment at the time of the search; or 2) If the police have a reasonable belief that evidence relevant to the crime of arrest might be found in the vehicle. *United States v. Wesley*, 639 F. Supp. 3d 713 (2022),

[1] All facts cited are taken from the incident report and body camera portion of Officer Matthews' video. A copy of this report and the video are attached as Defendant's Exhibits 1 and 2.

(citing *Arizona v. Gant,* 556 U.S. 332, 350, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009)). This principle was previously clarified in *Arizona v. Gant*, where the Supreme Court held that a search incident to arrest must be tethered to its justifications—protecting officers, preventing evidence destruction, or finding evidence related to the crime of arrest. For example, in *United States v. Wesley*, 639 F. Supp. 3d 713 (2022), the court invalidated a search where the arrestee was secured and posed no threat to officers or evidence, and the crime of arrest (a traffic violation) did not justify a search for evidence. *United States v. Wesley*, 639 F. Supp. 3d 713 (2022).

## III. ANALYSIS

In the instant matter, Drone was completely outside his vehicle, approximately 20-30 feet away from it at the time of his arrest. The vehicle was legally parked and on private property. Drone was secured and not within reaching distance of the vehicle's passenger compartment at the time of the search, nor did the police have a reasonable belief that evidence relevant to the crime of arrest might be found in the vehicle. Drone was arrested on an outstanding warrant for Aggravated Assault

with Deadly Weapon, Deadly Conduct discharge Firearm and Unlawful Carry Weapon with Felony conviction. No independent probable cause to search the vehicle or any other premises applied, nor did any exception to the warrant requirement exist.

## IV. REMEDY FOR ILLEGAL STOP, DETENTION OR SEARCH.

Where a Fourth Amendment violation has occurred, the exclusionary rule mandates the suppression of not only all evidence obtained in the illegal search or seizure itself; it also requires the suppression of all evidence obtained as a result of, or derivatively from, the illegally seized evidence, as such derivative evidence is the "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471 (1963).

## Prayer

Defendant requests an evidentiary hearing where the video of the arrest and search can be presented to the Court and other evidence provided to establish a factual basis for a ruling. After such hearing, for the reasons stated above, Defendant respectfully prays that the evidence seized subsequent to the arrest be suppressed.

Dated: September 10, 2026.

THE HERRMANN AND ARCHER LAW FIRM,
PLLC

BY: s/ Paul Herrmann
Paul Herrmann
SBN 09541810
801 S. Fillmore, Ste. 710
Amarillo, TX 79101
Telephone: (806) 342-4242
Fax: (806) 372-8444
Email: ph.handwlaw@gmail.com
**ATTORNEY FOR DEFENDANT**
**TAVARUS TYWANE DRONE**

## CERTIFICATE OF CONFERENCE

I certify that a conference on the attached motion was held or on September 10, 2026, between the undersigned and Jeffrey Haag, Assistant United States Attorney. During the conference, it was determined that the Government opposes the motion.

/ s/ Paul Herrmann
Paul Herrmann

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been sent to the United States Attorney's office by electronic transmission on the 10th day of September 2026.

/ s/ Paul Herrmann
Paul Herrmann